UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD ROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00050-LEW |
| ) | |
| MARIANNE LYNCH, DISTRICT ) | |
| ATTORNEY FOR PROSECUTORIAL ) | |
| DISTRICT V, ) | |
| ) | |
| Defendant. | |

**DECISION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

In this lawsuit, Plaintiff Richard Roe seeks declaratory and mandamus relief under Maine state law against Defendant Marianne Lynch, the District Attorney for Prosecutorial District Five, which covers Maine's Penobscot and Piscataquis counties. The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 6). The Motion is fully briefed and at issue. For the reasons that follow, Defendant's motion is GRANTED.

**BACKGROUND**

Plaintiff Roe, an anonymous municipal police officer, originally filed this lawsuit against Defendant Lynch in Maine State Superior Court. He alleges the Defendant deprived him of a property right to his continued employment at XPD, an anonymous Maine municipal Police Department, without offering him notice and an opportunity to be heard prior to her decisions that led to his termination. Plaintiff alleges this occurred twice:

first, when Defendant Lynch decided her office would disclose *Giglio*[1] information to opposing counsel in cases where Plaintiff Roe would be called as a witness, and second, when she subsequently decided her office would no longer bring cases involving Plaintiff Roe.  Plaintiff was later fired from XPD, and alleges the Defendant's refusal to offer him notice and an opportunity to respond prior to her decisions violated his right to due process under the Fourteenth Amendment to the United States Constitution, and related provisions of the Maine Constitution.  Defendant Lynch timely removed the case to this Court on the basis that, although the Complaint seeks injunctive and declaratory relief under state law, it raises substantial questions of federal law.  28 U.S.C. § 1441; *Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013).

Defendant's Motion raises several grounds for dismissal.  Principally, Defendant Lynch argues that Plaintiff's lawsuit is untimely, and that this Court, therefore, lacks jurisdiction to adjudicate his claims.  Fed. R. Civ. P. 12(b)(1).  Though Defendant also argues that Plaintiff fails to state a claim under Rule 12(b)(6), because I find that this Court lacks jurisdiction to hear the claims in the first place, I do not elaborate on the merits. "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health*

---

[1] As a prosecutor, Defendant Lynch is subject to the constitutional duty recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose to criminal defendants evidence that "is both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87).  One aspect of that duty, recognized in *Giglio v. United States*, 405 U.S. 150 (1972), requires prosecutors to disclose to criminal defendants information "potentially useful in impeaching government witnesses." *United States v. Misla-Aldarondo*, 478 F.3d 52, 63 (1st Cir. 2007); *see Bagley*, 473 U.S. at 676 (recognizing *Giglio* disclosures as a type of *Brady* disclosure).

*Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). "It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect." *Id.*

## DISCUSSION

Plaintiff brings three claims against Defendant Lynch. In Count One, Plaintiff seeks declaratory relief under Maine's Declaratory Judgments Act that "an officer who is the subject of *Giglio* allegations is entitled to due process, including meaningful notice of the allegations and a meaningful opportunity to dispute those allegations." Compl. ¶ 362. Counts Two and Three seek mandamus relief available under Maine Rule of Civil Procedure 80B, asking the Court to order Defendant Lynch to "rescind the two *Giglio*-related determinations" made against Plaintiff, and "to provide Roe with meaningful due process before making any further *Giglio*-related determinations regarding Roe." Compl. ¶¶ 365, 367.

### A. MANDAMUS RELIEF IS TIME-BARRED

The Plaintiff seeks state law mandamus relief in Counts Two and Three for alleged violations of his right to due process under the Fourteenth Amendment. Maine has repealed the common law writ of mandamus by statute, opting instead that "[r]eview of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, shall be in accordance with procedure prescribed by Rule [of Civil

Procedure] 80B." Me. R. Civ. P. 81(c). Rule 80B provides a time limit for a Plaintiff to bring a lawsuit seeking this type of review:

> The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred.

Me. R. Civ. P. 80B(b). There is no other statutory time limit for mandamus relief, so Rule 80B's time limits apply. *See* Me. R. Civ. P. 81(c). Therefore, if Plaintiff brings a suit against Defendant Lynch for "action or refusal to act" in making "*Giglio*-related determinations," the clock for such a lawsuit would run out 30 days after Plaintiff received notice of the action or refusal. In the event the suit is for "failure to act," the clock would expire six months after the *Giglio*-related determination should have been made.

The parties dispute whether this is a mandamus action for "action or refusal to act" or "failure to act." The Maine Law Court has, thankfully, clarified the line between the two. In *Cayer v. Town of Madawaska,* the Law Court found that where a defendant twice refused to act on Plaintiff's petition to secede, it had "refus[ed] to act" rather than "fail[ed] to act" for purposes of the 30-day time limit in Rule 80B. 148 A.3d 707, 711 (Me. 2016). The Plaintiff in *Cayer* specifically asked the Defendant Town to consider his proposal on two separate occasions, and both times the Town demurred, triggering a "thirty-day appeal period from the Town's 'refusal to act.'" *Id.* So too here. Plaintiff Roe twice petitioned Defendant Lynch for an opportunity to be heard surrounding the Defendant's *Giglio* determinations, and the Defendant refused to hold the kind of mini-hearing Plaintiff requested either time. *See, e.g.,* Resp. to Mot. to Dismiss at *4 (noting "DA Lynch's denial

4

of request for an opportunity to respond to the Chief's first set of Giglio allegations"). As in *Cayer*, the Plaintiff here specifically requested Defendant Lynch take some action, but she refused to do so in spite of those requests; following the analysis of the Maine Law Court, this is a "refusal to act" that triggers a 30-day limit to file an appeal.

Using that 30-day limit, I find Plaintiff's appeal periods expired well before he filed his complaint, barring his claims for mandamus relief. Plaintiff received a copy of Defendant's June 23 *Giglio* determination on July 30, 2019 and a copy of Defendant's May 30 *Giglio* determination on August 9, 2019. Compl. ¶¶ 161, 333. Therefore, Plaintiff's deadlines to file Rule 80B complaints regarding those determinations expired on August 29, and September 8, 2019, respectively. Plaintiff filed his complaint in state court on January 24, 2020—well after both dates—and does not provide any reason for tolling these deadlines. Because Plaintiff's failure to file his complaint within the timeframe prescribed by Rule 80B robs this Court of jurisdiction,[2] I will dismiss Counts Two and Three under Rule 12(b)(1) without reaching the merits of Defendant's motion to dismiss these claims under Rule 12(b)(6).

### B. DECLARATORY RELIEF

What remains, then, is Count One—Plaintiff's request for declaratory relief under Maine's Declaratory Judgments Act. I note at the outset that Count One simply seeks a declaration of the rights at issue in Counts Two and Three, and does not make an independent legal claim.[3] To the extent Count One could be read to sweep more broadly

---

[2] "Statutory limitations on appeal periods are jurisdictional." *Paul v. Town of Liberty*, 151 A.3d 924, 931 (Me. 2016).
[3] As it might, for example, under Maine Rule of Civil Procedure 80C. Rule 80C allows for review of final agency action, and is distinct from the type of Rule 80B mandamus relief Plaintiff seeks here.

than Plaintiff Roe, applying to any Maine prosecutor making a *Giglio* determination about any Maine police officer, such broader relief would exceed the scope of this case, and would be an advisory opinion this Court cannot issue. *Perry v. Hartford Acc. & Indem. Co.*, 481 A.2d 133, 136 (Me. 1984) ("The initial inquiry facing a court confronted by an action seeking declaratory relief is whether the controversy between the parties is sufficiently 'real' to avoid the constitutional prohibition against rendering advisory opinions except as required by Me. Const. art. VI, § 3."). Count One lives and dies, therefore, on the viability of Counts Two and Three.

Because Counts Two and Three are time-barred, Count One is as well. As the Law Court has repeatedly held, "a declaratory judgment action cannot be used to revive a [Rule 80B claim] that is otherwise barred by the passage of time." *Edwards v. Blackman*, 129 A.3d 971, 979 (Me. 2015); *Sold, Inc. v. Town of Gorham*, 868 A.2d 172, 176 (Me. 2005) (same). In *Edwards*, as here, the plaintiff sought Rule 80B mandamus relief to force a state actor to correct allegedly unlawful action, and a declaration the earlier action was unlawful. *Id.* The Law Court found the Rule 80B claim was time-barred, and dismissed the accompanying claim for declaratory relief, stating in no uncertain terms that a declaratory judgment action cannot carry on a cause of action that is otherwise time-barred. *Id.* As described in more detail above, Plaintiff's action for mandamus relief is barred by the time limits in Rule 80B. Therefore, because Counts Two and Three are untimely, and there is no other justiciable controversy to support a claim for declaratory relief, I will dismiss the declaratory judgment claim in Count One, as well.

## CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss (ECF No. 6) is GRANTED, and the case is DISMISSED.

**SO ORDERED.**

Dated this 8th day of May, 2020.

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**